**Bahjat BESHTY, Plaintiff–Appellant,**

v.

**GENERAL MOTORS, Defendant–Appellee.**

**Docket No. 04–4310–CV.**

United States Court of Appeals, Second Circuit.

Sept. 27, 2005.

Patrick J. Solomon, Dolin, Thomas & Solomon LLP, Rochester, NY, for Plaintiff–Appellant.

James Holahan, Ward Norris Heller & Reidy LLP, Rochester, NY, for Defendants–Appellees.

Present: WINTER, MINER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff-appellant Bahjat Beshty filed a complaint pursuant to the Age Discrimination in Employment Act against defendant-appellee General Motors, alleging age discrimination. After reviewing *de novo* the district court's grant of summary judgment in favor of General Motors, we now affirm.

To establish a *prima facie* case of age discrimination, the plaintiff must prove that (1) he was within the protected age group; (2) he was qualified for the position he held; (3) he was discharged; and (4) his discharge occurred under circumstances giving rise to an inference of age discrimination. *See Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 168 (2d Cir.2001). If the plaintiff succeeds in making out a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the discharge. *Id.* The articulation of such a reason has the effect of negating the inference of discrimination created by the *prima facie* case, and consequently, the burden shifts back to the plaintiff to "present sufficient evidence for a reasonable jury to conclude that [the employer] discriminated against him because of his age." *Schnabel v. Abramson,* 232 F.3d 83, 88 (2d Cir.2000) (quoting *Hollander v. American Cyanamid Co.,* 172 F.3d 192 (2d Cir.1999)).

In this case, pointing to Beshty's confrontational management style and his failure to mentor and lead the group he was hired to supervise, General Motors articulated a legitimate, non-discriminatory reason for Beshty's termination. Beshty, however, has not presented sufficient evidence for a reasonable jury to conclude that General Motors discriminated against him because of his age. *See id.* Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**